**Iris ORR, Plaintiff–Appellant,**

v.

**UNIVERSITY MEDICAL CENTER, Defendant–Appellee.**

No. 01–16490.

D.C. No. CV–98–01782–RLH.

United States Court of Appeals, Ninth Circuit.

---

** The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Submitted Nov. 5, 2002.*

Decided Nov. 26, 2002.

Before STAPLETON,** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

## MEMORANDUM***

The district court granted summary judgment in favor of University Medical Center and against Iris Orr, holding that Orr had failed to establish a prima facie case of discrimination as required by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).[1] We affirm.

(1) Orr has failed to make a prima facie showing of gender discrimination because she failed to show that she was qualified for her job and that similarly situated male employees were treated more favorably. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir.2002). An implicit part of the "qualification" requirement is that the plaintiff was performing her job satisfactorily. *See id.* at 1062 n. 8; *Pejic v. Hughes Helicopters, Inc.,* 840 F.2d 667, 672 (9th Cir.1988); *Tolbert v. Page,* 182 F.3d 677, 687 n. 2 (9th Cir.1999) (en banc) (McKeown, J., dissenting). Orr's lengthy disciplinary record is more than adequate evidence to show that she was

not. Moreover, Orr failed to compare herself to any male employee with a similar disciplinary history. *See Jauregui v. City of Glendale,* 852 F.2d 1128, 1134–35 (9th Cir.1988); *Gunther v. County of Wash.,* 623 F.2d 1303, 1321 (9th Cir.1979), *aff'd,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981); *see also Peele v. Country Mut. Ins. Co.,* 288 F.3d 319, 330 (7th Cir.2002); *Holbrook v. Reno,* 196 F.3d 255, 261 (D.C.Cir.1999). Consequently, the district court properly held that Orr failed to make a prima facie showing of gender discrimination.

(2) Even if Orr had made out a prima facie case, summary judgment against her was still proper because she failed to rebut UMC's legitimate non-discriminatory reason for her suspension. *See Villiarimo,* 281 F.3d at 1062. Orr has not offered evidence sufficient to support an alternate, discriminatory reason for her suspension; nor has she factually contested her disciplinary record. *See id.* Orr's contention that UMC's offered reasons for her suspension changed over time is completely unsupported by the record. Further, the later developments to which she refers have no relevance to UMC's imposition of discipline for Orr's own disruptive behavior.

AFFIRMED.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** Honorable Walter K. Stapleton, Senior United States Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We will not consider claims that Orr failed to bring before the district court or claims that she has not adequately raised in her opening brief. *See Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996); *Brookfield Communications, Inc. v. W. Coast Entm't Corp.,* 174 F.3d 1036, 1046 n. 7 (9th Cir. 1999). The only issue properly before us is whether Orr was suspended because UMC discriminated against her on account of her gender.